# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**GLORIA DAVIS,**

    **Plaintiff,**

                              **CASE NO.:**

v.

**WAL-MART ASSOCIATES, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Gloria Davis, by and through undersigned counsel, brings this action against Defendant, Wal-Mart Associates, Inc., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Lake County.

### PARTIES

4. Plaintiff is a resident of Lake County, Florida.

5. Defendant operates a retail business in Clermont in Lake County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

12. Plaintiff began working for Defendant as a Sales/Stock Associate on March 2012, and she worked in this capacity until June 20, 2021.

13. Plaintiff suffers from a disability that qualifies as a handicap under the FCRA, and as such, is a member of a protected class under the FCRA.

14. Specifically, Plaintiff had a long-term and serious medical condition which required surgery and recovery afterwards, during which time she was placed on work restrictions.

15. Plaintiff is able to perform the essential functions of the job for which she was hired by Defendant with or without accommodation.

16. Plaintiff required an accommodation of her handicap/disability.

17. On or about May 28, 2021, Plaintiff went to the hospital with severe pain and was admitted for surgery.

18. Plaintiff sought and utilized approved sick leave.

19. After her surgery, Plaintiff was instructed to stay out of work until June 17, 2021. Plaintiff sought and utilized approved sick leave for that time also.

20. In fact, Plaintiff applied for Short Term Disability (STD) and was approved for May 28th through June 16th, 2021.

21. On or about June 17, 2021, Plaintiff requested an accommodation. Specifically, Plaintiff requested her leave time for surgery and recovery to be excused and that Defendant follow her work restrictions, including her necessary time off and physical restrictions.

22. Defendant, however, failed to abide by Plaintiff's physical restrictions and instead required Plaintiff to perform her regular duties which created a great deal of pain for Plaintiff.

23. On or about June 20, 2021, Plaintiff was asked to come to the office and as terminated by her Team Lead allegedly due to absences but all of Plaintiff's absences were excused or approved by her Supervisor.

24. On or about June 20, 2021, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

25. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's disability/handicap.

26. On or about June 20, 2021, Defendant terminated Plaintiff's employment in retaliation for requesting a reasonable accommodation.

## COUNT I –ADA VIOLATION
### (DISABILITY DISCRIMINATION)

27. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 12-26 of this Complaint, as though fully set forth herein.

28. Plaintiff is a member of a protected class under the ADA.

29. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

30. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

33. Plaintiff realleges and readopts the allegations of Paragraphs 1-10 and 12-26 of this Complaint, as though fully set forth herein.

34. Plaintiff is disabled, or was perceived by Defendant as being disabled.

35. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained;

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

38. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 12-26 of this Complaint, as though fully set forth herein.

39. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

40. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

41. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment only three days after her request.

42. Defendant's actions were willful and done with malice.

43. The adverse employment action that Defendant took against Plaintiff was material.

44. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

45. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 11-26 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under the FCRA.

47. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

48. Defendant's actions were willful and done with malice.

49. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

l) A jury trial on all issues so triable;

m) That process issue and that this Court take jurisdiction over the case;

n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

25. Plaintiff realleges and readopts the allegations of Paragraphs 1-9 and 11-26 of this Complaint, as though fully set forth herein.

26. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

27. Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, terminated her employment.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of the law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA RETALIATION**

30. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 11-26 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

34. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

35. Defendant's actions were willful and done with malice.

36. Defendant took material adverse action against Plaintiff.

37. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

m)  A jury trial on all issues so triable;

n)  That process issue and that this Court take jurisdiction over the case;

o)  That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

p)  Compensation for lost wages, benefits, and other remuneration;

q)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

r) Front pay;

s) Any other compensatory damages, including emotional distress, allowable at law;

t) Punitive damages;

u) Prejudgment interest on all monetary recovery obtained.

v) All costs and attorney's fees incurred in prosecuting these claims; and

w) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 2nd day of May, 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**